UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP.<br><br>    Plaintiff,<br><br>v.<br><br>WWW.RUBYSLIDEROFFICIAL.COM, and<br>GUANGZHOU RUIXI ELECTRONIC COMMERCE<br>CO., LTD. d/b/a<br>WWW.RUBYSLIDEROFFICIAL.COM<br><br>    Defendants. | **22 Civ. 3699 (PGG)**<br><br>**PRELIMINARY<br>INJUNCTION ORDER** |

WHEREAS, on May 12, 2022, Plaintiff moved ex parte against Defendants for the following: (1) a temporary restraining order; (2) an order restraining Defendants' Website and Defendants' Assets held by Financial Institutions; (3) an order to show cause why a preliminary injunction should not issue; (4) an order authorizing bifurcated and alternative service; and (5) an order authorizing expedited discovery from Defendants, Third Party Service Providers, and Financial Institutions;

WHEREAS, on September 23, 2022, the Court entered an Order ("TRO"), granting Plaintiff's Application and scheduled a show cause hearing on Plaintiff's Application for a Preliminary Injunction Order for October 6, 2022 at 11:30 a.m. ("PI Show Cause Hearing");

WHEREAS, on September 28, 2022, pursuant to the alternative methods of service authorized by the TRO (namely by sending an email containing both PDF copies and a secure link containing the below mentioned documents to Defendants through a program called Rmail, which provides Plaintiff with a receipt indicating whether the email sent was successfully delivered to the specified email addresses), Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on Defendants via Defendants' e-mail addresses, rubyslider-official@outlook.com, rubysliders@outlook.com and ruixi2021-electrical@outlook.com; and

WHEREAS, on October 6, 2021 at 11:30 a.m., the PI Show Cause Hearing took place. For the reasons stated in open court at the PI Show Cause Hearing, this Court ORDERS:

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of

1

this action or until such further period as may be provided by order of this Court:

i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products[1];

ii. directly or indirectly infringing in any manner Plaintiff's BulbHead Marks, Ruby Sliders Marks, Ruby Sliders Trade Dress and Ruby Sliders Works;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's BulbHead Marks, Ruby Sliders Marks, and Ruby Sliders Trade Dress, to identify any goods or services not authorized by Plaintiff;

iv. using Plaintiff's BulbHead Marks, Ruby Sliders Marks and/or Ruby Sliders Trade Dress and/or any other marks that are confusingly similar thereto and/or Plaintiff's Ruby Sliders Works or any other substantially similar works on or in connection with Defendants' Website, Defendants' Services and/or Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, sale and/or otherwise dealing in Infringing Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants; and/or as to the origin, sponsorship or approval of any product

---

[1] Where a defined term is referenced herein and is not defined herein, the defined term should be understood as it is defined in the attached Glossary.

        manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants, website owned or operated by Defendants, services provided by Defendants, and/or Defendants' commercial activities;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' Website and/or the manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products;

vii. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

viii. linking, transferring, selling, and/or operating Defendants' Website;

ix. registering, trafficking in or using any domain names that incorporate any of that incorporate any of Plaintiff's BulbHead Marks or Ruby Sliders Marks, or any colorable imitation thereof, including the Infringing Domain Name; and

x. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) above, and 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until such further period as may be provided by order of this Court:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further order of this Court;

    ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Website, Defendants' Assets and Defendants' Financial Accounts; and

    iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) and 1(b)(i) through 1(b)(ii) above and 1(c)(i) through 1(c)(ii) below.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until such further period as may be provided by order of this Court:

    i. providing services to Defendants, including, without limitation, those relating to the continued operation of Defendants' Website;

    ii. permitting the transfer, sale and/or assignment of Defendants' Website,

    including the Infringing Domain Name; and

  iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

 a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

 a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

 b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with

this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days of receiving actual notice of this Order, any newly discovered Financial Institutions who are served with this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

   i. account numbers;
   ii. current account balances;
   iii. any and all identifying information for Defendants and/or Defendants' Website, including, but not limited to, names, addresses and contact information;
   iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;
   v. any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, documents sufficient to identify the geographic location(s) of any consumers from which deposits

        were sent, deposit slips, withdrawal slips, cancelled checks and account statements; and

    vi.    any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the geographic location(s) of the transferor(s), the identity of the beneficiary's bank and the beneficiary's account number.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' Website, including, but not limited to, documents and records relating to:

    i.    account details, including, without limitation, identifying information and URLs for any and all accounts or websites that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

    ii.    the identities, location and contact information, including any and all e-mail addresses of Defendants;

    iii.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' Website, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' Website; and

      iv.    Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products, or any other products bearing the BulbHead Marks, Ruby Sliders Marks, Ruby Sliders Trade Dress, and/or Ruby Sliders Works and/or marks and/or artwork that are confusingly or substantially similar to, identical to and/or constitute an infringement of any of the foregoing.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service of this Order may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

    a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendants will be able to download a PDF copy of this Order to Defendants' e-mail addresses, rubyslider-official@outlook.com, rubysliders@outlook.com and ruixi2021-electrical@outlook.com.

5. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

    a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

    b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where

      Amazon will be able to download a PDF copy of this Order via electronic mail to legal@amazon.com and registrar-abuse@amazon.com;

  c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where NameSilo, LLC will be able to download a PDF copy of this Order via electronic mail to abuse@namesilo.com; and

  d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Guangzhou Bat Technology Co. Limited d/b/a Algo Buy will be able to download a PDF copy of this Order via electronic mail to bd@zhizh.com and bd_algobuy@zhizh.com.

6. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions throughout the pendency of this action.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until such further period as may be provided by order of this Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 7th day of October, 2022, at 7:00 p.m.
New York, New York

_____
HON. PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

# GLOSSARY

| Term | Definition |
|---|---|
| **Authentic Ruby Sliders Product(s)** | Plaintiff's furniture leg cover that easily fits snuggly over virtually any size furniture leg and allows users to easily move furniture over floors to prevent scratching. |
| **BulbHead Registrations** | U.S. Trademark Registration Nos.: 4,878,620 for "BULBHEAD" for services in Class 35, and 4,878,619 for [logo] for services in Class 35 |
| **BulbHead Mark(s)** | The marks covered by the BulbHead Registrations |
| **Plaintiff's Services** | Plaintiff's services offered under its BulbHead Marks, including, but not limited to, online ordering services relating to the Authentic Ruby Sliders Product |
| **Ruby Sliders Applications** | U.S. Trademark Application Nos.: 90/514,955 for "RUBY" for goods in Class 20, 90/888,762 for "RUBY SLIDERS" for goods in Class 20, and 90/879,340 for the trade dress, depicted as [image], for goods in Class 20 |
| **Ruby Sliders Trade Dress** | The trade dress covered by U.S. Trademark Application No. 90/879,340, depicted as and defined as "a red pad on a furniture slider that contrasts with the upper portion of the furniture slider" for goods in Class 20 |
| **Ruby Sliders Marks** | The marks covered by U.S. Trademark Application Nos.: 90/514,955 for "RUBY" for goods in Class 20, and 90/888,762 for "RUBY SLIDERS" for goods in Class 20 |
| **Ruby Sliders Works** | U.S. Copyright Reg. Nos.: PA0002301012 covering the Ruby Sliders Commercial, TX0008975409 covering the Ruby Sliders Instruction Manual, VA0002253470 covering the Ruby Sliders Packaging and VA0002253306 covering the Plaintiff's Website (as defined *infra*) |

| **Plaintiff's Website** | Plaintiff's fully interactive website located at www.rubysliders.com |
|---|---|
| **Infringing Products** | Defendants' products advertised, offered for sale and/or sold by Defendants via, at a minimum, Defendants' Website (as defined infra), which bear, use and/or are offered for sale and/or sold in connection with the BulbHead Marks, Ruby Sliders Marks, Ruby Sliders Trade Dress and/or Ruby Sliders Works and/or which bear, use and/or are offered for sale and/or sold in connection with marks and/or artwork that are confusingly or substantially similar to the BulbHead Marks, Ruby Sliders Marks, Ruby Sliders Trade Dress and/or Ruby Sliders Works and/or which are identical or confusingly or substantially similar to the Authentic Ruby Sliders Product |
| **Infringing Domain Name** | www.rubysliderofficial.com |
| **Defendants' Website(s)** | Any and all fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that use the Ruby Sliders Marks, that they operate to communicate with consumers regarding their Infringing Products and/or through which consumers purchase Infringing Products for delivery in the U.S., including, without limitation, Defendants' website located at the Infringing Domain Name |
| **Defendants' Services** | Defendants' retail and online ordering services offered via Defendants' Website |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any of Defendants' Website (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc., the Alibaba |

|  | Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc., Stripe Payments Canada, Ltd. and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
|---|---|
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' Infringing Products and and/or Defendants' Websites, including, without limitation, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, website hosts (such as Amazon.com, Inc.), domain name registrars (such as NameSilo, LLC, Alibaba Cloud Computing Ltd.), and domain name registries |